UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

DASSAULT SYSTEMES, S.E. and
DASSAULT SYSTEMES SOLIDWORKS
CORPORATION,

        Plaintiff,                Case No.: 1:18-cv-09608-LGS

v.

                                   ANSWER WITH AFFIRMATIVE
                                   DEFENSES

SELDAT DISTRIBUTION, INC.,

        Defendant.              DEMAND FOR JURY TRIAL

----------------------------------------x

      Seldat Distribution, Inc. ("Seldat" or "Defendant"), by and through its undersigned counsel answers Plaintiffs Dassault Systemes, S.E and Dassault Systemes Solidworks Corporation ("Plaintiffs") corrected complaint dated and filed October 25, 2018 ("Complaint") as follows:

### AS TO THE ALLEGED NATURE OF THE ACTION

    1.    The allegations in this paragraph of the Complaint purport to describe the nature of the Complaint, to which no response is required. To the extent that a response may be deemed necessary, Defendant denies the allegations set forth in this paragraph of the Complaint.

### AS TO THE ALLEGED PARTIES

    2.    Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

    3.    Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

    4.    Denied.

## AS TO THE ALLEGED BASIS FOR JURISDICTION AND VENUE

5. Denied. The allegations in this paragraph constitute conclusion of law as to which no response is required and Defendant therefore denies them.

6. Admitted in part and denied in part. Defendant admits that this court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1338(a). Defendant denies that this court has subject matter jurisdiction pursuant to 28 U.S.C. 1332(a).

7. Denied. Defendant denies that this court has personal jurisdiction over Defendant. The allegations in this paragraph constitute conclusion of law as to which no response is required and Defendant therefore denies them. To the extent a response is required, Defendant is a New Jersey entity.

8. Denied. Defendant denies that venue is proper in the Southern District of New York.

## AS TO THE ALLEGED BACKGROUND

### Dassault and Copyrighted Work

9. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

10. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

### The CATIA V5 Software Package

11. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

12. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

13. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

14. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

### The Solidworks Software Package

15. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

16. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

17. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

### Seldat's Infringement

18. Denied.

19. Admitted in part and denied in part. Defendant admits that it downloaded Dassault's CATIA V5 software package. Defendant denies that it executed and used Dassault's CATIA V5 software package as that term is used in the Complaint. Defendant denies all remaining allegations in this paragraph.

20. Denied.

21. Denied in part and admit in part.

22. Denied in part and admit in part.

23. Denied.

24. Denied

25. Denied. Defendant lacks knowledge or information sufficient to form as belief as

to the truth of the allegations in this paragraph and therefore denies them.

## AS TO THE ALLEGED FIRST COUNT

26. Defendant incorporates its responses to paragraph 1 through 25 as though fully set forth herein.

27. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them

28. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

29. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

30. Denied.

31. Denied.

32. Denied.

33. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and Defendant therefore denies them.

34. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and Defendant therefore denies them.

35. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and Defendant therefore denies them.

## AS TO THE ALLEGED SECOND COUNT

36. Defendant incorporates its responses to paragraph 1 through 35 as though fully set

forth herein.

36. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them

37. Denied. Defendant lacks knowledge or information sufficient to form as belief as to the truth of the allegations in this paragraph and therefore denies them.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and Defendant therefore denies them.

44. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and Defendant therefore denies them.

45. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and Defendant therefore denies them.

Defendant further denies and objects to each and every one of Plaintiff's "prayers for relief" lettered "A – F", inclusive.

**WHEREFORE**, Defendant respectfully requests judgment in its favor dismissing the Complaint with prejudice, together with all costs and fees, including an award of attorneys' fees, as determined by the Court.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by subject matter jurisdiction.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks a valid copyright registration.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to recover damages or attorney's fees for the alleged copyright infringement.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's asserted copyright registration for the work is invalid, and/or unenforceable for one or more of the following reasons: (a) Plaintiff is not the author of the work; (b) Plaintiff did not create the work; (c) The asserted original work represented in the alleged registration is not copyrightable; (d) Plaintiff is not the owner of the work; (e) The asserted work lacks requisite originality; (f) Plaintiff did not properly register copyrights in the work.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for copyright infringement fails since Defendant did not copy the work.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover statutory damages under 17 U.S.C. 504 because Plaintiff failed to meet the statutory requirements.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover fees and costs under 17 U.S.C. 504 because Plaintiff failed to meet the statutory requirements.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover damages for any infringement of the asserted copyright because Plaintiff failed to meet the copyright notice requirements of the Copyright Act, including Chapter 4 of the Act.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Any alleged infringement of the subject work was innocent, passive, not willful and without notice of any alleged claim of copyright.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff provided actual notice of its copyright registration to Defendant, any infringement, if determined, and any damages, would accrue only after actual notice.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

With knowledge of Defendant's alleged use of the asserted copyrighted work, Plaintiff delayed in placing Defendant on notice of the alleged infringement and as a result, Defendant acted without notice of Plaintiff's alleged rights, to Defendant's prejudice.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The doctrine of implied license.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The doctrine of laches.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The doctrine of unclean hands.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

At all times, Defendant acted in a commercially reasonable and lawful manner.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim of copyright infringement is barred by the doctrines of merger or scenes a faire.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no harm or irreparable harm.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any statutory damages.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

The alleged infringement did not occur in the US.

Dated: New York, New York
November 19, 2018

Respectfully submitted,

**Seldat Distribution, Inc.**

/s/Loudie V. Srebnick
By:   Loudie Srebnick
      Modeline Fenelon
      *Attorneys for Plaintiff*
1412 Broadway
Suite 2302
New York, New York 10018

TO:

Olshane Frome Wolosky LLP
Attorneys for Plaintiff
1325 Avenue of the Americas
New York, New York 10019
212-451-2300

Glenn E. Forbis (Pro Hac Vice pending)
J. Bradley Luchsinger (Pro Hac Vice pending)
Harness, Dickey & Pierce PLC
5445 Corporate Drive, Suite 200
Troy, MI 48098
248-641-1600