

**Glenn E. Forbis**
Direct Dial: 248-641-1249
gforbis@hdp.com

April 2, 2019

<u>Via CM/ECF Filing</u>

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

  Re: *Dassault Systèmes, S. E., et al v. Seldat Distribution Inc.,*
     No. 1:18-cv-09608-LGS

Dear Judge Schofield:

  Our Firm represents Plaintiffs in the above-captioned matter. We write pursuant to Memo Endorsement [DN34] in response to Defendant's March 27, 2019 Letter Motion for Leave to File Amended Answer to Amended Complaint [DN33]. As set forth more fully below, the Motion should be denied.

## Summary

  The Court should deny Defendant's request for leave to amend its Answer to recant a critical admission regarding its unauthorized use of Plaintiffs' 3-D Computer Aided Design (CAD) software package called CATIA V5 because Defendant has not shown good cause for the amendment. The deadline to submit amended pleadings in this action has passed. Defendant has not shown any viable basis – much less good cause -- for the belated amendment. And the proposed amendment would cause significant prejudice to Plaintiffs. The Motion should be denied accordingly. Alternatively, the Court should order Defendants to *demonstrate* good cause for the requested amendment, including offering specific evidence as to *who* (if not Defendant) "downloaded", "test[ed]", and "determined [the software] to be unsuitable" while using Defendant's network domain at "seldatinc.com", which Defendant has admitted occurred. Finally, if the Court ultimately permits Defendant to recant its admission, the Court should award Plaintiffs their attorneys' fees incurred to date, as Defendant's pre-filing admission, reflected in Defendant's original and amended Answer, was/is a critical piece of evidence upon which Plaintiffs relied, in part, for its Complaint and the prosecution of this case.

## Background

  Dassault authored and owns the copyrights to CATIA V5. Through monitoring software embedded in CATIA V5, Dassault detected that one or more pirated copies of CATIA V5 had

Hon. Lorna G. Schofield
April 2, 2019
Page 2 of 3

been used on a computer (having identified MAC addresses) on Seldat's network domain, i.e., "seldatinc.com," continuously between May 30, 2017 and August 30, 2017. Seldat was not authorized, did not have a license and had not paid a license fee, for such use.

On January 17, 2018, counsel for Dassault sent a letter to Seldat offering to resolve Seldat's unauthorized use of CATIA V5. *See,* DN8-3. On January 24, 2018, Ms. Modeline Fenelon, In-House Counsel for Seldat and counsel of record in this case, responded to Dassault's letter, admitting that Seldat had "downloaded [CATIA V5] about 6 months ago, to test" and that it was "determined to be unsuitable." *See,* DN 8-4. Ms. Fenelon's letter made clear that it was, in fact, Seldat that had made unauthorized copies of CATIA V5. Nonetheless, Seldat refused to respond to several subsequent attempts by Dassault to resolve Seldat's unauthorized use. Based at least in part on Ms. Fenelon's admission on behalf of Seldat, Dassault filed this lawsuit for copyright infringement on October 19, 2018.

Due to Ms. Fenelon's admission, Dassault alleged in its Complaint "Seldat downloaded, executed and used Dassault's CATIA V5 software package without authorization or permission from Dassault beginning at least as early as 2017." DN1, p.4, ¶11. In its Answer, Seldat admitted "it [Seldat] downloaded Dassault's CAITA V5 software package." DN15, p. 3, ¶19. Dassault filed its First Amended Complaint a few months later on February 1, 2019, wherein Dassault again alleged "Seldat downloaded, executed and used Dassault's CATIA V5 software package without authorization or permission from Dassault beginning at least as early as 2017." DN28, p. 5, ¶11. Seldat <u>again</u> admitted that "[Seldat] downloaded Dassault's CATIA V5 software package in or around 2017." DN30, p. 3, ¶11. Now, Defendant seeks to withdraw its admission and avoid liability for its conduct. As demonstrated below, that request should be denied.

**Discussion**

1. **Seldat Has Not Demonstrated "Good Cause" To Amend Its Answer**

To amend its Answer, Seldat must demonstrate "good cause" under the Rule 16 standard. *See Tardif v. City of New York*, 2018 WL 5816870, at *3 (S.D.N.Y. 2018) ("despite the lenient standard of Rule 15(a), if the deadline set in the scheduling order for amending the pleadings has passed, a district court may deny leave to amend where the moving party has failed to establish good cause."). In evaluating good cause, courts typically consider the diligence of the moving party and the prejudice to the non-movant. *Id.* Under these standards, Seldat has not met its burden. Instead, Seldat simply claims its multiple admissions, over the course of the last year, were "erroneous," without any explanation for their retraction.

Seldat's proposed retraction is not only unsupported, it is implausible. Seldat admitted through its in-house counsel (and counsel of record) <u>three separate times in a period that spans more than a full year</u> that it downloaded Dassault's CATIA V5 software package. By signing the Answers, Ms. Srebnick, one of Seldat's in-house attorneys and co-counsel of record in this case, certified there had been an "inquiry reasonable under the circumstances," and that "the factual contentions have evidentiary support…" Fed. R. Civ. P. 11(b). Ms. Fenelon's January

24, 2018 letter (*See,* DN8-4) evidences that such an investigation had been conducted because Ms. Fenelon not only admitted Seldat had "downloaded" CATIA V5, but also that Seldat had "test[ed]" CATIA V5 and "determined [it] to be unsuitable." *See,* DN8-4.

Seldat's motion for leave to amend should be denied because it has not shown the requisite "good cause." Further, Dassault would be unduly prejudiced by Seldat recanting its admissions, as Dassault has relied on them throughout the case.

### 2. Seldat Must Demonstrate "Good Cause"

If the Court is to consider Seldat's request for leave, the Court should order Seldat to produce evidence supporting its claim that its admissions were "erroneous," including evidence supporting (i) its investigations that led to its three prior admissions and its investigations that led to its position now that such admissions were "erroneous"; (ii) the identities of the persons who Seldat now says were the ones who "downloaded" and "test[ed]" CATIA V5 and "determined [it] to be unsuitable"; (iii) the MAC addresses of all of Seldat's computers that Seldat owned or that were used by Seldat's employees between May 30, 2017 and August 30, 2017 (the "Infringement Period"); and (iv) the identities of the persons who owned or used computers having the following MAC addresses during the Infringement Period: (i) 3417eb7865d3; (ii) d07e3526ea30; (iii) d07e3526ea31 (the MAC addresses of the computers that used CATIA V5 on Seldat's network domain). This information would permit Dassault and the Court to assess the veracity of Seldat's newfound claim that its admissions were "erroneous."[1]

### 3. Seldat Should Be Ordered to Pay Dassault's Attorneys' Fees To Date

If the Court grants Seldat's motion for leave, Seldat should be ordered to pay Dassault's attorneys' fees to date. Dassault filed this lawsuit in partial reliance on Ms. Fenelon's January 24, 2018 admission, and this case has progressed because Seldat admitted that it was the one to have downloaded the CATIA V5 software. Such payment would be an appropriate penalty for Seldat having failed to properly investigate the facts prior to filing its Answers twice admitting that Seldat had downloaded CATIA V5.

Sincerely,

Glenn E. Forbis

cc: All Counsel of Record (via ECF)

---

[1] Much of this information has been requested by Dassault under Fed. R. Civ. P. 33 and 34, but Seldat has so far refused to produce the information.