```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DASSAULT SYSTEMES, S.E., et al.,                            :
                                            Plaintiffs,     :
                                                            :           18 Civ. 9608 (LGS)
                      -against-                             :
                                                            :                 ORDER
SELDAT DISTRIBUTION INC.,                                   :
                                            Defendant.      :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/9/2019

LORNA G. SCHOFIELD, District Judge:

WHEREAS, a telephone conference was scheduled in this case for April 11, 2019 (Dkt. 35);

WHEREAS, by letter e-mailed to the Chambers inbox, Defense counsel filed a motion to withdraw and requested that certain documents pertaining to the motion be reviewed *in camera*, including an attorney affidavit describing the reasons for withdrawal and a memorandum of law in support of the motion for withdrawal;

WHEREAS, the Court is in receipt of the materials. It is hereby

**ORDERED** that the motion to withdraw will be heard at the conference already scheduled for **April 11, 2019**, which will be an **in person** conference, and not a telephone conference. It is further

**ORDERED** that Daniel Dadoun shall appear at the conference. Defendant is advised that corporations, partnerships and limited liability companies may not appear without counsel, *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983), and a corporate defendant's failure to comply with a court's order that the defendant obtain counsel constitutes failure to "otherwise defend" for the purpose of Rule 55(a) such that an entry of default is justified. Fed. R. Civ. P. 55(a); *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d

Cir. 2006) (noting that a default judgment may be entered against a corporation that fails to appear through counsel), *cert. denied*, 549 U.S. 1114 (2007).  It is further

**ORDERED** that by April 10, 2019, Defense counsel shall file the motion to withdraw on ECF, and the accompanying affidavit and memorandum of law under seal.  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  "It is well-settled in the Second Circuit that the attorney-client privilege may be a sufficiently compelling reason to defeat the public's right of access to judicial documents," *Skyline Steel, LLC v. PilePro, LLC*, No. 13 Civ. 8171, 2015 WL 3739276, at *7 (S.D.N.Y. June 15, 2015), and Defense counsel's attorney affidavit and memorandum of law discuss communications regarding litigation strategy that fall within the attorney-client privilege.  It is further

**ORDERED** that Defense counsel shall send a copy of this Order to Daniel Dadoun by the most efficient and effective means possible.

Dated: April 9, 2019
       New York, New York

                                    **LORNA G. SCHOFIELD**
                                    **UNITED STATES DISTRICT JUDGE**

2